IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TAVARRES J. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-131 |
| ) | |
| MAJOR ROBERT LEVERETT; ) | |
| LIEUTENANT GRIFFEN; ) | |
| SERGEANT MITCHELL; ) | |
| OFFICER RUFFIN; and ) | |
| OFFICER POSTON, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at the Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   BACKGROUND**

Plaintiff names the following as Defendants: (1) Robert Leverett, a Major at the Jail; (2) FNU Griffen, a Lieutenant at the Jail; (3) FNU Mitchell, a Sergeant at the Jail; (4) FNU Ruffin, an Officer at the Jail; and (5) FNU Poston, an Officer at the Jail. (See doc. no. 1, pp. 1-4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges the events giving rise to his complaint occurred in the Jail on August 28, 2017, though Plaintiff does not disclose whether he was detained pre- or post-conviction at that time. (Id. at 4-5.) At approximately 9:00 p.m. on August 28th, inmates on the second floor above Plaintiff began to flood their cells, and the water eventually flooded Plaintiff's cell as well. (Id. at 5.) Defendant Griffen came through a corridor next to Plaintiff's cell, yelling he was about to make an example of Plaintiff. (Id. at 5.) Defendant Griffen then entered Plaintiff's cell, put him in a choke hold, and Defendants Ruffin, Poston, and Mitchell started punching Plaintiff in the face, chest, and stomach. (Id.) Once the beating concluded, Defendants left Plaintiff handcuffed and shackled in his cell.[1]

Plaintiff filed a grievance against the officers for coming into his cell on August 28th, but it was denied. (Id. at 6.) He then wrote a grievance appeal to Defendant Leverett about the choke hold and punching, but the appeal was not addressed because Plaintiff "was still alive and breathing." (Id. at 7.)

Plaintiff seeks a declaration his rights were violated, as well as an order from the Court directing Defendants to leave him alone. (Id. at 8.) Plaintiff also seeks compensatory and punitive damages against all five Defendants. (Id.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

---

[1] Plaintiff makes non-specific complaints about the medical treatment he received when describing his injuries, (doc. no. 1, p. 9), but he also makes clear his claims are based on the choke hold and punches inflicted by Defendants Griffen, Mitchell, Ruffin, and Poston on August 28th. (Id.) He does not allege these Defendants were responsible for his medical treatment; nor does he identify any individuals responsible for providing him with medical treatment.

2

defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction

3

does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Plaintiff Fails to State a Valid Claim against Defendant Leverett.

Defendant Leverett cannot be held liable for the acts of Defendants Griffen, Mitchell, Ruffin, and Poston merely in light of his supervisory position as a Major at the Jail. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendant Leverett liable, Plaintiff must demonstrate that either (1) the Major actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff alleges he informed Defendant Leverett about the

actions of the other four Defendants via a grievance, and nearly a month after the alleged encounter in Plaintiff's cell, he asked Defendant Leverett if he had seen the grievance. Nowhere does Plaintiff allege Defendant Leverett was actually present or participated in the events alleged to have occurred on August 28th.

Moreover, Plaintiff does not show that Defendant Leverett was directly involved with the events of August 28th simply by alleging he viewed a grievance Plaintiff wrote about his problem. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).[2]

Likewise, Plaintiff must allege a causal connection between Defendant Leverett and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged

---

[2]To the extent Plaintiff may be attempting to hold Defendant Leverett liable for failing to properly process his grievance, such a claim fails. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim that Defendant Leverett mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. First, Plaintiff does not allege a widespread history of abuse at the Jail. Second, he does not allege Defendant Leverett had a custom or policy for allowing excessive force at the Jail. Third, Plaintiff does not allege Defendant Leverett directed the officers to use excessive force against Plaintiff. In sum, Plaintiff has not shown Defendant Leverett actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Leverett.

### C. Plaintiff Is Not Entitled to Default Judgment.

Plaintiff also filed a "Motion for Judgment by Default," in which he asserts he is entitled to entry of a default judgment because no Defendant has responded to his complaint.

(Doc. no. 7.)  By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment.  First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b).  Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present:  (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

This is Plaintiff's first filing regarding default, and therefore by definition, he is not entitled to the default judgment he seeks.  Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules.  However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served.  Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369-70  (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served).  Plaintiff's complaint had not been screened at the time he filed his motion, let alone service of process ordered.[3]  Thus, no Defendant has been under any obligation to file a response to the complaint, and the motion requesting a default judgment should be **DENIED**.

---

[3] In a simultaneously entered order, the Court has now ordered service of process on Defendants Griffen, Mitchell, Ruffin, and Poston.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Leverett be **DISMISSED** from this case and the "Motion for Judgement by Default" be **DENIED**.  (Doc. no. 7.)

SO REPORTED and RECOMMENDED this 8th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA