IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-131 |
| | ) | |
| LIEUTENANT GRIFFEN; | ) | |
| SERGEANT MITCHELL; | ) | |
| OFFICER RUFFIN; and | ) | |
| OFFICER POSTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, the Court screened Plaintiff's complaint and directed the United States Marshal to effect service of process on the four captioned Defendants. See 28 U.S.C. §§ 1915(d), 1915(e)(2)(B), and 1915A(b); doc. no. 8. Prior to the Court screening Plaintiff's complaint, he filed a motion for default judgment, and the Court denied the motion as premature. (Doc. nos. 7, 9, 12.) The United States Marshal sent waivers of service to all four Defendants on January 17, 2018, and the waivers were timely returned on February 7, 2018, making Defendants' answer due by March 19, 2018. (See doc. no. 13.) All four Defendants timely filed an answer on March 6, 2018. (Doc. no. 14.)

Despite the timely filing of an answer, Plaintiff has again filed a motion for default. (Doc. no. 17.) Defendants oppose the motion, pointing out they timely filed an answer. (Doc. no. 18.) As previously explained to Plaintiff, default is not appropriate. (Doc. nos. 9, 12.) For the sake of completeness, the Court will repeat its analysis for Plaintiff's benefit.

By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As there has been no prior entry of default by the Clerk, by definition, Plaintiff is not entitled to entry of default judgment under Rule 55(b). Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). A review of the record shows that Defendants timely responded to the Marshal's request for

waiver of personal service, and a timely answer was filed on March 6, 2018. (Doc. nos. 13, 14.)  Thus, default judgment is not appropriate.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion for entry of default be **DENIED**.  (Doc. no. 17.)

SO REPORTED and RECOMMENDED this 16th day of April, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA